**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO MARCOS CAL ESCALANTE,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 13-73003<br><br>Agency No. A200-975-166<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Alfonso Marcos Cal Escalante, a native of Belize, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's  decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Although Cal Escalante argues the merits of his asylum claim, he does not challenge the agency's dispositive determination that he failed to show changed or extraordinary circumstances excused his untimely asylum application. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Thus, we deny the petition for review as to his asylum claim, including his humanitarian asylum claim.

Substantial evidence supports the agency's finding that Cal Escalante failed to establish the threats he received rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation and citation omitted). We do not address Cal Escalante's claim that he is a member of a cognizable social group because he never presented it to the agency, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency), and he does not otherwise challenge the agency's finding that he failed to show that a protected ground is a central reason

for the harm he fears.  Thus, we deny the petition as to his withholding of removal claim.

**PETITION FOR REVIEW DENIED.**